IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01073-PAB

NICHOLAS J. AURELIO and
ALLEN DE ATLEY,

    Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA,
CORE CIVIC, INC.,
MICHAEL MILLER,
INVESTIGATOR ORTIZ,
MS. WALTER, and
DAVID M. ZUPAN,

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiffs' Emergency Motion for a Perliminary [sic] Injunction and Temporary Restraining Order [Docket No. 1].

Plaintiffs filed the motion pro se on May 1, 2017, Docket No. 1, but are now represented by counsel. Docket No. 3. On May 4, 2017, Magistrate Judge Gordon P. Gallagher ordered plaintiffs to cure deficiencies with their filing, which deficiencies included not filing a complaint. Docket No. 4; *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). On June 2, 2017, plaintiffs filed their complaint. Docket No. 6. The case was reassigned to this Court on June 12, 2017. Docket No. 9.

The Court will deny plaintiff's motion without prejudice as having been superseded by the filing of plaintiffs' complaint. Plaintiffs' complaint names different parties than their motion. *Compare* Docket No. 1 *with* Docket No. 6. Further, while plaintiffs' complaint seeks injunctive relief and includes as exhibits the affidavits plaintiffs filed in support of their motion, plaintiffs' complaint does not request a temporary restraining order or a preliminary injunction. Docket No. 6 at 6, ¶ 25; Docket No. 6-1; Docket No. 6-2.

The Court notes that the motion also fails to comply with the Local Rules. Under D.C.COLO.LCivR 65.1(a), a motion for a temporary restraining order:

> shall be accompanied by a certificate of counsel or an unrepresented party, stating:
>
> (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or
>
> (2) the efforts made by the moving party to provide the required notice and documents. Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

Additionally, D.C.COLO.LCivR 65.1(b) requires the submission of a "proposed temporary restraining order" with a motion for such relief. Defendants have not been served and plaintiffs' motion contains neither a certification that actual notice has been provided to defendants nor a certification that efforts have been made to provide such notice. Docket No. 1. Likewise, the motion does not contain a proposed temporary restraining order or a certification compliant with Fed. R. Civ. P. 65(b)(1)(B). *Id*.

Accordingly, it is

**ORDERED** that plaintiffs' Emergency Motion for a Perliminary [sic] Injunction and Temporary Restraining Order [Docket No. 1] is **DENIED** without prejudice.

DATED June 15, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge