IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01073-PAB-MEH

NICHOLAS J. AURELIO and
ALLEN DE ATLEY,

    Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA,
CORE CIVIC, INC.,
MICHAEL MILLER,
INVESTIGATOR ORTIZ,
MS. WALTER, and
DAVID M. ZUPAN,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff Allen De Atley's Motion for Reconsideration [Docket No. 74] filed on September 11, 2019. On October 2, 2019, defendants filed a response. Docket No. 89. The Court has jurisdiction under 28 U.S.C. § 1331.

On June 2, 2017, plaintiffs Nicholas Aurelio and Allen De Atley, currently in the custody of the Colorado Department of Corrections ("CDOC"), sued defendants under 42 U.S.C. § 1983 alleging that their right of access to the courts under the First, Sixth, and Fourteenth Amendments had been infringed. Docket No. 6 at 6, ¶ 25. On August 29, 2019, the Court granted defendants' motion for summary judgment and dismissed plaintiffs' complaint with prejudice. Docket No. 72 at 10.

On September 11, 2019, plaintiff De Atley filed a motion for reconsideration [Docket No. 74]. He argues that "material fact questions exist precluding [the entry] of summary judgment." Docket No. 74 at 2. Plaintiff appears to argue that he has claims to raise under the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-101 *et seq.*, based upon "crimes being committed by [defendants] and . . . Judges Brimmer and Hegarty and [their] staff." *Id.* Specifically, plaintiff argues that "[p]robable cause existed to support charges that defendants violated the [Racketeer Influenced and Corrupt Organizations Act ("RICO")] statutes and [COCCA] based on evidence that defendants knowingly conducted or participated in affairs of a corporation through series of acts of 'mail fraud,' 'wire fraud,' and 'theft,' fraudulent and false statements, perjury committing civil rights violations including constitutional violations." *Id.*

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule

60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because plaintiff is proceeding *pro se*, the Court will construe his motion for reconsideration liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has not demonstrated that new evidence or legal authority has emerged since the Court's August 29, 2019 order granting defendants' motion for summary judgment that would justify granting reconsideration here. Instead, plaintiff argues that "clearly [the] Court has tried to not follow any law" and that "the Court must re[-]read the statement of De Atley with all the proof." Docket No. 74 at 3.[1] Such conclusory statements are insufficient to prove that reconsideration of the Court's order is warranted. *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Further, although plaintiff disagrees with the Court's legal conclusions, he has not presented any legal authority demonstrating that the Court's decision was clearly erroneous. For

---

[1] While plaintiff does not indicate to which statement he refers, he urges the Court to "re-read" the statement, which indicates that it is evidence that has already been considered by the Court. Evidence already considered by the Court is an improper basis for a motion to reconsider. *Servants of the Paraclete*, 204 F.3d at 1012.

example, he references "the need to correct a manifest . . . injustice," but fails to explain what he believes was manifestly unjust about the Court's ruling. Docket No. 74 at 4. Plaintiff has not provided a credible basis for reconsideration.

Additionally, plaintiff's argument that the Court overlooked a genuine issue of material fact concerning defendants' purported violations of RICO or COCCA is not well-taken. In their complaint, plaintiffs exclusively raised a claim under 42 U.S.C. § 1983. Docket No. 6 at 6. They did not raise claims under RICO or COCCA, *see id.*, and a motion for reconsideration is an improper vehicle to raise new legal arguments. *Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, the Court finds that plaintiff has failed to demonstrate that reconsideration of its order granting defendants' motion for summary judgment is warranted.

Wherefore, it is

**ORDERED** that plaintiff Allen De Atley's Motion for Reconsideration [Docket No. 74] is **DENIED**.

DATED November 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge